DEBORAH CONNOR, Chief
Money Laundering and Asset Recovery Section (MLARS)
MARY BUTLER
Chief, International Unit
WOO S. LEE
Deputy Chief, International Unit
BARBARA LEVY, Trial Attorney
JOSHUA SOHN, Trial Attorney
JONATHAN BAUM, Trial Attorney
Criminal Division
United States Department of Justice
    1400 New York Avenue, N.W., 10th Floor
    Washington, D.C. 20530
    Telephone: (202) 514-1263
    Email:  Woo.Lee@usdoj.gov

NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
JOHN J. KUCERA (CBN: 274184)
MICHAEL R. SEW HOY (CBN: 243391)
Assistant United States Attorneys
Asset Forfeiture Section
    312 North Spring Street, 14th Floor
    Los Angeles, California 90012
    Telephone: (213) 894-3391/(213) 894-3314
    Facsimile: (213) 894-7177
    Email: John.Kucera@usdoj.gov
            Michael.R.Sew.Hoy@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>               v.<br><br>ALL RIGHT TO AND INTEREST IN SYMPHONY CP (PARK LANE) LLC, HELD OR ACQUIRED, DIRECTLY OR INDIRECTLY, BY SYMPHONY CP INVESTMENTS LLC AND/OR SYMPHONY CP INVESTMENTS HOLDINGS LLC, | No. CV 16-5370-DSF (PLAx)<br><br>**JOINT STIPULATION AND REQUEST TO ENTER CONSENT JUDGMENT OF FORFEITUR** |

INCLUDING ANY INTEREST HELD OR
SECURED BY THE REAL PROPERTY AND
APPURTENANCES LOCATED AT 36
CENTRAL PARK SOUTH, NEW YORK,
NEW YORK, KNOWN AS THE PARK LANE
HOTEL ANY RIGHT TO COLLECT AND
RECEIVE ANY PROFITS AND PROCEEDS
THEREFROM, AND ANY INTEREST
DERIVED FROM THE PROCEEDS
INVESTED IN THE SYMPHONY CP
(PARK LANE) LLC BY SYMPHONY CP
INVESTMENTS LLC AND SYMPHONY CP
(PARK LANE) LLC,

        Defendant.

Plaintiff United States of America (the "Government" or the "United States") and claimants Mubadala Development Company PJSC, Fifty Ninth Investment Company LLC, Sixtieth Investment Company LLC, 59th CPS Parking Blocker LLC, 59th CPS Hotel Blocker LLC, 59th CPS Option Units Blocker LLC, Symphony CP (Park Lane) LLC, WG Partners 36 CPS LLC, Athene Annuity & Life Assurance Company, American Equity Investment Life Insurance Company, CRECB Funding III, LLC, and Wells Fargo Bank, N.A., as Administrative Agent for the Senior Lenders (collectively, the "Claimants," and with the Government, the "Parties") by and through their respective undersigned counsel, stipulate and request that that this Court enter the proposed consent judgment (the "Forfeiture Judgment") lodged concurrently herewith.

On July 20, 2016, the United States initiated this civil forfeiture action (the "Action") alleging that the defendant *res* ("Defendant *Res"*) identified in Attachment A to the Government's Verified Complaint for Forfeiture *In Rem* is subject to forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(C) & (A).  On August 4, 2017, the United States filed a First Amended

Verified Complaint for Forfeiture *In Rem* ("FAC").  The FAC sought relief on the same legal basis as to the Defendant *Res*.

Notice was given according to law.  Direct notice was sent to all known claimants by the United States after both the Government's Verified Complaint for Forfeiture *In Rem* and the FAC were filed with the Court.  Notice was also published on the Government's website www.forfeiture.gov for 30 consecutive days.  The time for filing claims and answers has expired in this Action.

The Claimants timely filed verified claims in this Action asserting an interest in the Defendant *Res*.

36 CPS Condos (NYC) LLC, 36 CPS Residential Sales (NYC) Limited, 36 CPS Parking (NYC) Limited, and 36 CPS Luxury Hotel (NYC) Limited (collectively, the "36 CPS Claimants") also filed verified claims in this Action asserting an interest in the Defendant *Res*.  On November 19, 2018, the 36 CPS Claimants withdrew their claims stating that they had "determined that their interests and the interests of the [Defendant *Res*] are furthered and best served by withdrawing their claims."

The United States and Claimants have stipulated and agreed to a resolution of this Action and are filing this Joint Stipulation and Request to Enter Consent Judgment of Forfeiture (the "Joint Stipulation") to request that the Court enter the Forfeiture Judgment.  Pursuant to this Joint Stipulation, the Parties have agreed that the portion of the Defendant *Res* not currently held indirectly by affiliates of Mubadala Development Company PJSC (the "Subject Asset") be forfeited to the United States of America.  The Subject Asset does not include any interest in Symphony CP (Park Lane) LLC owned by WG Partners 36 CPS LLC.  The Parties further agree

1    and stipulate that the terms articulated in this Joint Stipulation

2    are dispositive of all claims and defenses asserted in this Action.

3        The Parties, having reviewed and considered this Joint

4    Stipulation and Request to Enter Consent Judgment of Forfeiture filed

5    by the Parties, and good cause appearing, the Parties jointly request

6    that this Court **ORDER, ADJUDGE AND DECREE** that:

7        1.   This Court has jurisdiction over the Action pursuant to 28

8    U.S.C. §§ 1345 and 1355.

9        2.   The United States has given and published notice of these

10   actions as required by law, including Rule G of the Supplemental

11   Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions,

12   Federal Rules of Civil Procedure, and the Local Rules of this Court.

13   The time for filing claims in this Action has expired.   Any

14   potential claimants to the Defendant *Res* other than the Claimants are

15   deemed to have admitted the allegations of the FAC with respect to

16   the Defendant *Res*.   The allegations in the FAC are sufficient to

17   provide a basis for forfeiture of the Subject Asset on the terms

18   described herein.

19       3.   This Joint Stipulation memorializes the resolution of all

20   claims between the Government and any Party relating to or arising

21   from this Action.   Each Party shall cooperate with the other(s) to

22   perform the acts required by this Joint Stipulation, and shall

23   refrain from taking any action that is inconsistent with this Joint

24   Stipulation.

25       4.   The Subject Asset is hereby ordered forfeited to the United

26   States of America and all right, title, and interest in the Subject

27   Asset shall vest in the United States and no one else.   Claimants

28   consent to all right, title and interest in the Subject Asset being

condemned and forfeited to the United States of America.  The United States shall dispose of the Subject Asset in accordance with law. Pursuant and subject to the terms of a Memorandum of Understanding (the "MOU"), dated as of November 2, 2018, among Mubadala Development Company PJSC, together with its affiliate Fifty Ninth Investment Company LLC, one of the Claimants, ("Buyer"), and certain affiliates of the 36 CPS Claimants, upon the satisfaction of certain conditions specified in the MOU, Buyer intends to purchase the Subject Asset from the United States, and it is the Buyer's understanding that the United States intends to sell and transfer the Subject Asset to Buyer.  Except for having consented to the United States' sale and transfer of the Subject Asset after the Forfeiture Judgment is entered by the Court, nothing contained in this Joint Stipulation or the Forfeiture Judgment shall adversely affect the rights of any lender or other party under one or more of the loan and related agreements dated November 25, 2013 (as modified or amended, the "Loan Agreements") pertaining to 36 Central Park South, New York, New York ("the Park Lane Hotel")including the liens or rights of any lender or other party against the collateral which secures any obligations under one or more of the Loan Agreements, including without limitation the Park Lane Hotel or any equity collateral or other collateral .

    5.   Claimants, jointly and individually, shall not file, or cause any other person or entity to file, or assist any other person or entity in filing, any claim to the Subject Asset, or in any way interfere with or delay the forfeiture of the Subject Asset.  Upon request of the Government, Claimants, individually and jointly,

agree to reasonably cooperate with the United States in connection with responding to any claims asserted against the Subject Asset.

6.   Upon entry of the Forfeiture Judgment by the Court, the Court shall dismiss all of the Government's remaining claims asserted in this Action, including in respect of the portion of the Defendant *Res* currently held indirectly by affiliates of Mubadala Development Company PJSC.  The Forfeiture Judgment entered by this Court shall constitute the final judgment between and among the United States of America and Claimants with respect to this Action.  The Parties agree that the resolution of this matter upon the terms and conditions set forth in this Joint Stipulation and the MOU shall be the final and complete satisfaction of the claims asserted by the United States and Claimants in this Action.  Claimants, jointly and individually, understand and agree that each will not seek, through any court proceeding or other process, the return of the Subject Asset.  Except as otherwise provided for in this Joint Stipulation, the MOU, or the Loan Agreements, the Parties specifically waive any rights to further litigate against each other their respective interests in the Defendant *Res*.  Upon the Court's entry of the Forfeiture Judgment, the Court shall dismiss all of the Government's remaining claims asserted in this Action, including in respect of the portion of the Defendant *Res* currently held indirectly by affiliates of Mubadala Development Company PJSC.

7.   All Parties shall bear their own fees and costs, except to the extent set forth in the MOU, or as otherwise provided for under the Loan Agreements.  Except to the extent set forth in the MOU, the Parties hereby waive any and all claims against the Government for attorney's fees and costs.  For the avoidance of doubt,

notwithstanding the provisions of, Title 28, United States Code, Section 2465, or any other "cost" or "fee-shifting" statute or regulation, Claimants, jointly and individually, expressly waive any right to seek any fees or expenses incurred related to the instant Action and/or forfeiture of the Subject Asset.  Claimants, jointly and individually, and their employees, representatives, agents, assignees, and attorneys, hereby agree to forever discharge and hold harmless the United States, and any and all officers, agents, representatives, attorneys, and employees of same, from all claims, liabilities, obligations, appeals or demands, including attorney's fees, in connection with or arising from this Action (for the avoidance of doubt, nothing contained herein shall obligate the Claimants to indemnify the United States or its officers, agents representatives, attorneys and employees of same for attorney's fees in this Action or any third party action).

8.   As it pertains to the Forfeiture Judgment entered by the Court in this Action, all rights of appeal are hereby waived by all Parties.  Notwithstanding the foregoing, the Parties do not waive their rights to enforce the terms of this Joint Stipulation, the Forfeiture Judgment, and the MOU, which rights are expressly retained.

9.   Reasonable cause existed for the United States to institute these proceedings, and the Forfeiture Judgment entered by the Court shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

10.   Any dispute arising under this Joint Stipulation shall be governed by the laws of the United States.  The Parties agree that the exclusive jurisdiction and venue for any dispute arising between

1  and among the Parties in connection with this Joint Stipulation is

2  the United States District Court for the Central District of

3  California.   This Court shall retain jurisdiction to enforce this

4  Joint Stipulation and the Forfeiture Judgment.

5       11.   This Joint Stipulation and the MOU constitute the entire

6  final, complete and exclusive understanding between and among the

7  Parties with respect to this Action and supersede all prior or

8  contemporaneous written or oral agreements with respect to the this

9  Action.   The Parties expressly acknowledge that they have not relied

10  on any representations, warranties, agreements, or understandings

11  not expressly contained in this Joint Stipulation or the MOU.

12  Notwithstanding anything to the contrary in this Joint Stipulation,

13  nothing in this Joint Stipulation shall limit or impair the rights

14  or obligations of the parties to the MOU as set forth in the MOU.

| | | |
|---|---|---|
| 1 | Dated: November 28, 2018 | Respectfully submitted, |
| 2 | | DEBORAH CONNOR<br>Chief, MLARS |
| 3 | | |
| 4 | | NICOLA T. HANNA<br>United States Attorney |
| 5 | | |
| 6 | | ____/s/_____<br>WOO S. LEE |
| 7 | | Deputy Chief, MLARS<br>JOSHUA SOHN |
| 8 | | BARBARA LEVY<br>JONATHAN BAUM |
| 9 | | Trial Attorneys, MLARS |
| 10 | | |
| 11 | | JOHN J. KUCERA<br>MICHAEL SEW HOY |
| 12 | | Assistant United States Attorneys |
| 13 | | Attorneys for Plaintiff |
| 14 | | UNITED STATES OF AMERICA |
| 15 | | |
| 16 | | ____/s/ (by e-mail confirmation)____ |
| 17 | Dated: November 28, 2018 | WILLIAM BURCK |
| 18 | | Attorneys for<br>Mubadala Development Company PJSC |
| 19 | | Fifty Ninth Investment Company LLC<br>Sixtieth Investment Company LLC |
| 20 | | 59th CPS Parking Blocker LLC<br>59th CPS Hotel Blocker LLC |
| 21 | | 59th CPS Option Units Blocker LLC |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | Dated:  November 28, 2018 | ____/s/ (by e-mail confirmation)____<br>ANDREW J. LEVANDER |
| 26 | | JOSEPH FAZIOLI |
| 27 | | Attorneys for Symphony CP (Park Lane) |
| 28 | | LLC and WG Partners 36 CPS LLC |

9

1  Dated:   November 28, 2018          /s/ (by e-mail confirmation)
2                                     Rachel Cannon

3                                     Attorney for
                                      Athene Annuity & Life Assurance
4                                        Company
                                      American Equity Investment Life
5                                        Insurance Company

6

7  Dated:   November 28, 2018          /s/ (by e-mail confirmation)
                                      OSCAR RAMALLO
8                                     ERIC N. WHITNEY
                                      DIANA STERK
9

10                                    Attorneys for CRECB Funding III, LLC

11

12 Dated:   November 28, 2018          /s/ (by e-mail confirmation)
13                                    PAYAM KHODADADI
                                      DION W. HAYES
14                                    BENJAMIN L. HATCH
                                      CASEY ERIN LUCIER
15

16                                    Attorneys for Wells Fargo Bank, N.A.,
                                         As Administrative Agent for the
17                                       Senior Lenders

18

19

20

21

22

23

24

25

26

27

28