FILED
CLERK, U.S. DISTRICT COURT
12/4/2018
CENTRAL DISTRICT OF CALIFORNIA
BY: ___rf___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>ALL RIGHT TO AND INTEREST HELD OR SECURED BY THE REAL PROPERTY LOCATED IN NEW YORK, NEW YORK, KNOWN AS THE PARK LANE HOTEL,<br><br>  Defendant. | No. CV 16-5370-DSF (PLAx)<br><br>**CONSENT JUDGMENT OF FORFEITURE** |

On July 20, 2016, the United States (the "Government") initiated this civil forfeiture action (the "Action") alleging that the defendant *res* ("Defendant *Res*") identified in Attachment A to the Government's Verified Complaint for Forfeiture *In Rem* is subject to forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(C) & (A). On August 4, 2017, the United States filed a First Amended Verified Complaint for Forfeiture *In Rem* ("FAC"). The FAC sought relief on the same legal basis as to the Defendant *Res*.

Notice was given according to law. Direct notice was sent to all known claimants by the United States after both the Government's Verified Complaint for Forfeiture *In*

*Rem* and the FAC were filed with the Court. Notice was also published on the Government's website www.forfeiture.gov for 30 consecutive days. The time for filing claims and answers has expired in this Action.

Mubadala Development Company PJSC, Fifty Ninth Investment Company LLC, Sixtieth Investment Company LLC, 59th CPS Parking Blocker LLC, 59th Hotel Blocker LLC, 59th CPS Option Units Blocker LLC, Symphony CP (Park Lane) LLC, WG Partners 36 CPS LLC, Athene Annuity & Life Assurance Company, American Equity Investment Life Insurance Company, CRECB Funding III, LLC, and Wells Fargo Bank, N.A., as Administrative Agent for the Senior Lenders (collectively, the "Claimants," and with the Government, the "Parties") timely filed verified claims in this Action asserting an interest in the Defendant *Res*.

The claimants 36 CPS Condos (NYC) LLC, 36 CPS Residential Sales (NYC) Limited, 36 CPS Parking (NYC) Limited, and 36 CPS Luxury Hotel (NYC) Limited (collectively, the "36 CPS Claimants") also filed verified claims in this Action asserting an interest in the Defendant *Res*. On November 19, 2018, the 36 CPS Claimants withdrew their claims stating that they had "determined that their interests and the interests of the [Defendant *Res*] are furthered and best served by withdrawing their claims."

Now, the United States and Claimants have stipulated and agreed to a resolution of this Action. Based on the Parties' Joint Stipulation and Request to Enter Consent Judgment of Forfeiture (the "Joint Stipulation"), and for good cause appearing, **IT IS ORDERED, ADJUDGED AND DECREED** that:

1. This Court has jurisdiction over the Action pursuant to 28 U.S.C. §§ 1345 and 1355.

2. The United States has given and published notice of these actions as required by law, including Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, and the Local Rules of this Court. The time for filing claims in this Action has expired. Any potential

claimants to the Defendant *Res* other than the Claimants are deemed to have admitted the allegations of the FAC with respect to the Defendant *Res*. The allegations in the FAC are sufficient to provide a basis for forfeiture of the portion of the Defendant *Res* not currently held indirectly by affiliates of Mubadala Development Company PJSC (the "Subject Asset") on the terms described herein. The Subject Asset does not include any interest in Symphony CP (Park Lane) LLC owned by WG Partners 36 CPS LLC.

3. The Joint Stipulation memorializes the resolution of all claims between the Government and any Party relating to or arising from this Action. Each Party shall cooperate with the other(s) to perform the acts required by the Joint Stipulation, and shall refrain from taking any action that is inconsistent with the Joint Stipulation.

4. The Subject Asset is hereby ordered forfeited to the United States of America and all right, title, and interest in the Subject Asset shall vest in the United States and no one else. Claimants consent to all right, title and interest in the Subject Asset being condemned and forfeited to the United States of America. The United States shall dispose of the Subject Asset in accordance with law. Pursuant and subject to the terms of a Memorandum of Understanding (the "MOU"), dated as of November 2, 2018, among Mubadala Development Company PJSC, together with its affiliate Fifty Ninth Investment Company LLC, one of the Claimants (together with an affiliate or subsidiary thereof, "Buyer"), and certain affiliates of the 36 CPS Claimants, upon the satisfaction of certain conditions specified in the MOU, Buyer intends to purchase the Subject Asset from the United States, and it is the Buyer's understanding that the United States intends to sell and transfer the Subject Asset to Buyer. Except for having consented to the United States' sale and transfer of the Subject Asset after this Forfeiture Judgment is entered by the Court, nothing contained in the Joint Stipulation or this Forfeiture Judgment shall adversely affect the rights of any lender or other party under one or more of the loan and related agreements dated November 25, 2013 (as modified or amended, the "Loan Agreements") pertaining to 36 Central Park South, New York, New York ("the Park Lane Hotel") including the liens or rights of any lender or other

party against the collateral which secures any obligations under one or more of the Loan Agreements, including without limitation the Park Lane Hotel or any equity collateral or other collateral.

5. Claimants, jointly and individually, shall not file, or cause any other person or entity to file, or assist any other person or entity in filing, any claim to the Subject Asset, or in any way interfere with or delay the forfeiture of the Subject Asset. Upon request of the Government, Claimants, individually and jointly, agree to reasonably cooperate with the United States in connection with responding to any claims asserted against the Subject Asset.

6. All of the Government's remaining claims asserted in this Action, including in respect of the portion of the Defendant *Res* currently held indirectly by affiliates of Mubadala Development Company PJSC, are dismissed. This Forfeiture Judgment constitutes the final judgment between and among the United States of America and Claimants with respect to this Action. The Parties agree that the resolution of this matter upon the terms and conditions set forth in the Joint Stipulation and the MOU shall be the final and complete satisfaction of the claims asserted by the United States and Claimants in this Action. Claimants, jointly and individually, understand and agree that it will not seek, through any court proceeding or other process, the return of the Subject Asset. Except as otherwise provided for in the Joint Stipulation, the MOU, or the Loan Agreements, the Parties specifically waive any rights to further litigate against each other their respective interests in the Defendant *Res*. The Government's remaining claims asserted in this Action, including in respect of the portion of the Defendant *Res* currently held indirectly by affiliates of Mubadala Development Company PJSC, are dismissed.

7. All Parties shall bear their own fees and costs, except to the extent set forth in the MOU, or as otherwise provided for under the Loan Agreements. Except to the extent set forth in the MOU, the Parties hereby waive any and all claims against the Government for attorney's fees and costs. For the avoidance of doubt, notwithstanding the provisions of, Title 28, United States Code, Section 2465, or any other "cost" or "fee-

shifting" statute or regulation, Claimants, jointly and individually, expressly waive any right to seek any fees or expenses incurred related to the instant Action and/or forfeiture of the Subject Asset.  Claimants, jointly and individually, and their employees, representatives, agents, assignees, and attorneys, shall forever discharge and hold harmless the United States, and any and all officers, agents, representatives, attorneys, and employees of same, from all claims, liabilities, obligations, appeals or demands, including attorney's fees, in connection with or arising from this Action (for the avoidance of doubt, nothing contained herein shall obligate the Claimants to indemnify the United States or its officers, agents, representatives, attorneys and employees of same for attorney's fees in this Action or any third party action).

8. As it pertains to this Forfeiture Judgment entered in this Action, all rights of appeal are hereby waived by all Parties.  Notwithstanding the foregoing, the Parties do not waive their rights to enforce the terms of the Joint Stipulation, this Forfeiture Judgment or the MOU, which rights are expressly retained.

9. Reasonable cause existed for the United States to institute these proceedings, and this Forfeiture Judgment entered by the Court shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

10. Any dispute arising under the Joint Stipulation shall be governed by the laws of the United States.  The exclusive jurisdiction and venue for any dispute arising between and among the Parties in connection with the Joint Stipulation is the United States District Court for the Central District of California.  This Court shall retain jurisdiction to enforce the Joint Stipulation and this Forfeiture Judgment.

Dated: December 4, 2018

_____
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

DEBORAH CONNOR, Chief
Money Laundering and
Asset Recovery Section
United States Department of Justice
WOO S. LEE
BARBARA LEVY
JOSHUA SOHN
JONATHAN BAUM
Criminal Division
U.S. Department of Justice

NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section


JOHN J. KUCERA
MICHAEL R. SEW-HOY
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

|  |  |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | 11. The Joint Stipulation and the MOU constitutes the entire final, complete |
| 14 | and exclusive understanding between and among the Parties with respect to the Action |
| 15 | and supersedes all prior or contemporaneous written or oral agreements with respect to |
| 16 | the Action. The Parties expressly acknowledge that they have not relied on any |
| 17 | representations, warranties, agreements, or understandings not expressly contained in |
| 18 | the Joint Stipulation or the MOU. Notwithstanding anything to the contrary in the Joint |
| 19 | Stipulation, nothing in this Forfeiture Judgment shall limit or impair the rights or |
| 20 | obligations of the parties to the MOU as set forth in the MOU. |

11. The Joint Stipulation and the MOU constitutes the entire final, complete and exclusive understanding between and among the Parties with respect to the Action and supersedes all prior or contemporaneous written or oral agreements with respect to the Action. The Parties expressly acknowledge that they have not relied on any representations, warranties, agreements, or understandings not expressly contained in the Joint Stipulation or the MOU. Notwithstanding anything to the contrary in the Joint Stipulation, nothing in this Forfeiture Judgment shall limit or impair the rights or obligations of the parties to the MOU as set forth in the MOU.